IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON DAVIS-EL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:24-741 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| CHRIS KELLY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER OF DISMISSAL

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). See Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike.") (citations omitted). Among other things, the screening provisions require a court to dismiss an action that is frivolous or malicious or fails to state a claim on which relief can be granted. El-Bey v. U.S., 619 F. App'x 53, 54 (3d Cir. Oct. 13, 2015). In reviewing complaints under Section 1915(e) for failure to state a claim, federal courts use the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). D'Agostino v. CECOM RDEC, 436 F. App'x 70, 72 (3d Cir. 2011) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)). In addition, district courts are required to dismiss any action over which they lack subject-matter jurisdiction. See Gittens v. Kelly, No. CV 17-309, 2017 WL 11491085, at *1 (W.D. Pa. Nov. 16, 2017) (citing Muchler v. Greenwald, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015)), aff'd, 790 F. App'x 439 (3d Cir. 2019).

In this case, to the extent they are intelligible, the sum total of Plaintiff's substantive allegations are as follows:

> Some men, aforementioned, who work for Government, did cause harm, injury and financial loss to myself and person. I sent notices, I required answers in writing. They did not answer. They foot-dragged, they evaded and they covered for each other. They knew they were wrong, they did not care, they did it anyway.

Compl. Section III. (Doc. 4). In his request for relief, Plaintiff states only:

> Wherefore, this is a whistle blower action, I require a court-appointed attorney, protections, consideration, benefit and enforcement of the law. *Track and trace all financial transactions, disgorge, compensation and sanction wrongdoers.

Id. Section IV. Attached to the Complaint is a copy of a "Complaint Report" dated May 20, 2024, that Plaintiff purportedly filed with the Office of the Allegheny County District Attorney containing identical allegations. *See* Doc. 4-1. The "Complaint Report" additionally describes Plaintiff's claims as "Common Law Trespass; Robbery Ashore; Breach of Trust, Confidence and Duty; Conspiracy to Interfere with Citizen's Rights; Religious Persecution; Discrimination; National Prejudice Conspiracy to Defraud US Government; Malicious Prosecution; Civil Rights Violations; Human Rights Violations; Protection for Internationally Protected Persons; Assault; Trafficking; Peonage; and Forced Labor." Id. Also pending are a Motion to Amend Filings (Doc. 3), a Motion for Copies of Records/Filings (Doc. 5) and a Motion for Removal (Doc. 6). Even construing Plaintiff's filings liberally as required in the case of *pro se* litigants, his Motions must be denied, and his Complaint must be dismissed for the reasons set forth below.

As an initial matter, this action must be dismissed for lack of subject-matter jurisdiction to the extent Plaintiff relies on diversity of citizenship as the basis for federal jurisdiction. *See* Complaint Section II (checking diversity of citizenship as his sole jurisdictional ground). Presumably, Plaintiff asserts diversity jurisdiction because he considers himself a citizen of "Foreign Nation/Pennsylvania Republic." *See* Doc. 4 Section II.B. That said, Plaintiff elsewhere identifies Allegheny County, Pennsylvania, as both his County of Residence as well as

the residence of all named Defendants. *See* Doc. 4 Section I; Doc. 1-2. Accordingly, even assuming the amount of controversy is met, diversity jurisdiction does not apply. *See* 28 U.S.C. § 1332; Fed. R. Civ. P. 12(h)(3); Yancy-El v. Kelly, No. 2:24-CV-751, 2024 WL 3413261, at *1 (W.D. Pa. June 21, 2024), report and recommendation adopted, No. 2:24-CV-751, 2024 WL 4215740 (W.D. Pa. Sept. 17, 2024).[1]

Second, Plaintiff's Complaint must be dismissed to the extent he is seeking to remove his own state-court action to this Court. In his Motion for Removal (Doc. 6), Plaintiff purports to do just that. In that Motion, Plaintiff states, "I've filed initial claim GD-24-4830 at Department of Court Records. When I filed above case 2:24-CV-741, it was my wish to remove GD-24-4830, not merely to refile a new claim in this venue." *See* Doc. 6. By its plain language however, the removal statute limits the right of removal to the "defendant" or "defendants." *See* 28 U.S.C. § 1441. "Not only are the removal statutes clear and unambiguous, the caselaw interpreting them overwhelmingly supports the proposition that only a defendant may remove an action from state court." Yancy-El v. Kelly, No. 2:24 CV 751, 2024 WL 3161891, at *1 (W.D. Pa. June 24, 2024) (quoting Gehm v. New York Life Ins. Co., 992 F. Supp. 209, 211 (E.D.N.Y. 1998)); *see also* Untracht v. Fikri, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006) ("What Plaintiff is in essence asking the Court to do is to allow him to remove an action he filed in state court. [However, removal] by a plaintiff is not permitted because the plaintiff had the original choice of forum."), aff'd, 249 F. App'x 268 (3d Cir. 2007).

---

[1] To the extent Plaintiff's claims include the alleged violation of federal civil rights, federal question jurisdiction applies under 28 United States Code Section 1331. *See* Yancy-El, 2024 WL 3413261, at *1.

Third, as to the substance of his Complaint, Plaintiff fails to state a claim upon which relief can be granted. Indeed, as evidenced by the sum total of Plaintiff's claims as quoted above, Plaintiff's Complaint contains no factual allegations whatsoever directed toward any of the named Defendants. It is well-established that, at a minimum, "[a] civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations." Yancy-El, 2024 WL 3413261, at *3 (quoting Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)). Moreover, "an individual government defendant 'in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*.'" Id. Because Plaintiff fails to allege any facts specific to any of the named Defendants, his Complaint must be dismissed in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). With the exception of Defendant Magistrate Richard D. Olasz, Jr., this dismissal will be without prejudice and with leave to make last, best efforts to amend the Complaint to flesh out Plaintiff's allegations by explaining the "who, what, where, when, and why" of his claim(s). Yancy-El, 2024 WL 3413261, at *4.[2] Plaintiff's claims against Defendant Olasz will be dismissed with prejudice because Magistrate Olasz is entitled to judicial immunity and, therefore, amendment of the Complaint against him will be futile. See id.

Finally, Plaintiff's Motion to Amend (Doc. 3) and Motion for Copies of Records/Filings (Doc. 5) also must be denied. With respect to Plaintiff's request for copies of records/filings, the Court notes that papers filed with the Clerk are retained by the Court. If Plaintiff wishes copies of filings on the docket, he may request the same from the Clerk's Office. The copying fee is ten

---

[2] Should Plaintiff choose to file an Amended Complaint, the Court cautions that arguments challenging the general application of motor vehicle laws repeatedly have been rejected at the screening stage as frivolous. So too have claims predicated on a litigant's Moorish heritage. *See* Yancy-El, 2024 WL 3413261, at *4 n.2 (motor vehicle laws); Garcia v. Bucks Cnty. Just. Ctr., No. CV 17-3381, 2017 WL 4126349, at *3 (E.D. Pa. Sept. 18, 2017) (Moorish heritage).

4

cents per page. Plaintiff also may view the docket for free from one of the public terminals at the United States Courthouse. As set forth in Local Civil Rule 5.4, Plaintiff should refrain from filing discovery demands with the Court. Regarding the Motion to Amend, the Court notes that the motion is not substantive in nature. Rather, it requests: (1) a "trial by jury, not merely jury trial"; (2) a correction to Defendant Kelly's phone number; (3) that an Article III judge be seated; and (4) the appointment of an attorney. The first three requests are moot: a "trial by jury" and a "jury trial" are one in the same, and Plaintiff's request for the same is noted; the correction to Defendant Kelly's phone number, although immaterial, likewise is noted; and the undersigned is an Article III judge. Plaintiff's remaining request for appointment of counsel is denied. *See* Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in deciding whether appointment of counsel is appropriate, the Court first should determine whether the plaintiff's lawsuit "has arguable merit in fact and law"); *see also* Local Civil Rule 10(C) ("Absent special circumstances, no motions for appointment of counsel will be granted until after dispositive motions have been resolved.").

In accordance with the foregoing, it is HEREBY ORDERED that:

Plaintiff's Motion to Amend Filings (Doc. 3), Motion for Copies of Records/Filings (Doc. 5) and Motion for Removal (Doc. 6), are **DENIED**. Plaintiff's Complaint (Doc. 4) is **DISMISSED WITH PREJUDICE** as to Defendant Richard D. Olasz, Jr., who shall be terminated as a party to this case. The Complaint is **DISMISSED WITHOUT PREJUDICE**, and with leave to amend, as to all remaining Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

Consistent with the above, should Plaintiff choose to amend his Complaint, he may do so by **December 20, 2024**. The Court will not grant further opportunity for amendment, so Plaintiff must make **last, best efforts** to plead legally supportable federal claims against the relevant parties. If an amended complaint is not timely filed, dismissal of Plaintiff's claims summarily

will be converted to with-prejudice, and this case shall be marked closed.

IT IS SO ORDERED.


December 6, 2024                                         s/Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge


cc (via First-Class U.S. Mail):

BRANDON DAVIS-EL
723 Mifflin Street
Duquesne, PA 15110